UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CRIMINAL NO. 04-10198-MLW |
| ) | |
| EDGAR RAMOS and ) | |
| JOHN MEHIA ) | |

**GOVERNMENT'S REPLY MEMORANDUM TO DEFENDANT
JOHN MEHIA'S MEMORANDUM REGARDING MOTION TO SUPPRESS**

Pursuant to this Court's original January 12, 2007 scheduling order [D. 62], the government submits this reply memorandum to the recent memorandum filed by defendant John Mehia ("Mehia") within one week of said filing. [D.76]. The government submits this memorandum to address the limitations to issues raised by Mehia.

Mehia alleges in his memorandum that he has "standing" as a passenger to contest the "stop" of the white van in the Sullivan Square Parking Lot on May 28, 2004. The government agrees. United States v. Kimball, 25 F.3d 1, 5-6 (1st Cir. 1994). Moreover, the government does not dispute that the fruit of the poisonous tree doctrine, if the stop was illegal, would preclude admission of the evidence obtained by law enforcement from the van and its occupants. Kimball, 25 F.3d at 6; Wong Sun v. United States, 371 U.S. 471, 484-85 (1963). However, if the stop of the van did not violate Mehia's Fourth Amendment rights, he lacks "standing" to contest any subsequent search of either the other passengers or the interior of the van. Kimball, 25 F.3d at 9-10.

A greater limitation is applicable to Mehia's argument in

support of the suppression of statements he made after being Mirandized at ICE offices. The government understands that Mehia's effort to suppress his Mirandized statement is based entirely on his contention that he was subject to an illegal stop, and that his subsequent statements to ICE officials are inadmissible as fruit of the poisonous tree. *See* Kaupp v. Texas, 538 U.S. 626, 632 (2003) (*per curiam*) (*quoting* Wong Sun, at 486 (suppression of confession required unless confession was "an act of free will [sufficient] to purge the primary taint of the unlawful invasion.")). The government would have no quarrel with such an argument, except that it was waived by Mehia. Mehia's motion to suppress was filed jointly with co-defendant Edgar Ramos ("Ramos"). [D. 38]. However, Mehia only joined with Ramos in a motion to suppress physical evidence. Mehia did not join in Ramos' separate motion to suppress statements given to ICE officials later in the day on May 28, 2004, and Mehia never separately moved to suppress his later statements, either as fruit of the allegedly illegal stop, or independently based on an involuntary waiver of his Miranda rights.[1]

---

[1] In their motion to suppress physical evidence, Mehia and Ramos jointly claimed: "[T]his search and seizure violated the Fourth Amendment of the United States Constitution and all evidence flowing from the illegal stop, including the statements, must be suppressed." [D. 38, at 1]. It is clear that the reference to "the statements" was limited to statements made to law enforcement officers at the time of the stop. Otherwise, Ramos would not have separately moved, as he, and only he, did to suppress statements made by him to ICE agents later that day. That separate motion by

2

Moreover, Mehia expressly waived at the evidentiary hearing in this case any challenge to his waiver of his Miranda rights that preceded his statements to ICE agents later that day. [Tr. 151]. It is now too late for Mehia to attack his later statements to ICE, even under a fruit of the poisonous tree argument. At the evidentiary hearing, given the absence of a motion by Mehia challenging his statement to ICE agents, and Mehia's counsel's express statement that he was not making a Fifth Amendment challenge to the statements, the government did not offer any evidence about Mehia's Miranda waiver and the circumstances of his statements. [Tr. 151].

                                              Respectfully submitted,

                                              MICHAEL J. SULLIVAN
                                              United States Attorney

                                   By:  /s/ Timothy Q. Feeley
                                       TIMOTHY Q. FEELEY
                                       Assistant U.S. Attorney
April 13, 2007                       (617) 748-3172

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the

---

Ramos included a fruit of the poisonous tree argument based on the allegedly unlawful stop of the van. [D. 38, at 2]. Thus, Mehia has only moved to suppress statements made, if any, by him during the course of the interaction with MBTA police at the Sullivan Square Parking Lot.

3

foregoing upon counsel of record by electronic filing notice.

                                    /s/ Timothy Q. Feeley
                                    TIMOTHY Q. FEELEY
                                    Assistant U.S. Attorney