UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIMINAL NO. 04-10198-MLW |
| ) | |
| EDGAR RAMOS and ) | |
| JOHN MEHIA ) | |

**GOVERNMENT'S SUPPLEMENTAL POST-HEARING MEMORANDUM**
**IN OPPOSITION TO DEFENDANTS' MOTION TO SUPPRESS**

The government hereby submits this supplemental post-hearing memorandum in opposition to the defendants' motion to suppress physical evidence derived from the Terry stop/seizure of their vehicle by MBTA Police Officer Steven O'Hara in the parking lot of the Sullivan Square MBTA Station on May 28, 2004. The government will limit this memorandum to the issue raised by the Court in the non-evidentiary hearing that occurred on September 18, 2007. As the government understands the issue, it is whether the seriousness of the danger raised by the criminal activity prompting police intervention under the Terry stop doctrine reduces the showing of articulable suspicion needed to justify the police intrusion. *See generally* Brinegar v. United States, 338 U.S. 160, 182 (1949 (Jackson, J. Dissenting).

**Discussion**

Nearly twenty years after Brinegar, the Supreme Court decided Terry v. Ohio, 392 U.S. 1 (1968). In Terry, the Court did not go as far as Justice Jackson may have suggested in Brinegar and adopt

a mere test of "reasonableness" for police intrusions of an individual's liberty interests on less than probable cause, although the Terry Court did make its ultimate standard one of reasonableness.[1]  *See* Terry, 392 U.S. at 9 (*quoting* Elkins v. United States, 364 U.S. 206, 222 (1960) ("[W]hat the Constitution forbids is not all searches and seizures, but unreasonable searches and seizures")).  *See also* Pennsylvania v. Mimms, 434 U.S. 106, 108-109 (1977) (*per curiam*) (*quoting* Terry v. Ohio, 392 U.S. 1, 19 (1968) ("The touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.'")).

In assessing the reasonableness of a police intrusion on less than probable cause, the Terry Court established the now familiar "articulable suspicion" standard on which the determination of reasonableness must be based: "[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."  Terry, 392

---

[1] It is not at all clear that Justice Jackson was suggesting a standard different than ultimately adopted by the Supreme Court when the issue was fully framed for decision in Terry.  Justice Jackson appears to have been suggesting nothing more than what Terry later adopted, a flexible standard of reasonableness that balances the public need/interest in the intrusion against the invasion of an individual's rights that the search or seizure entails.  Justice Jackson's comment certainly did not rule out the use of the articulable suspicion standard adopted in Terry.

U.S. at 21.

In the nearly forty years since Terry, neither the Supreme Court nor the lower federal courts have wavered from the articulable suspicion standard of Terry. But Terry did establish a flexible standard that can take into account, as Justice Jackson suggested he would, the seriousness of the conduct that gives rise to the police intrusion.

First, Terry permits the assessment of reasonableness to be drawn from specific and articulable facts and "rational inferences" from those facts. Terry, 392 U.S. at 21. They are not to be dissected and viewed singly; rather they must be considered as a whole. United States v. Ivery, 427 F.3d 69, 73 (1st Cir. 2005), *cert. denied*, 546 U.S. 1222 (2006). Second, Terry requires the use of an objective standard: "would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate." Terry, 392 U.S. at 21-22. Third, Terry establishes a totality of the circumstances test for reasonableness. Terry, 392 U.S. at 19. Finally, Terry recognized that there is no way to determine reasonableness in all the circumstances other than "by balancing the need to search (or seize) against the invasion which the search (or seizure) entails." Terry, 392 U.S. at 21. *See also* United States v. Brignoni-Ponce, 422 U.S. 873 (1975) ("[T]he reasonableness of [Terry] seizures depends on a balance between the

public interest and the individual's right to personal security free from arbitrary interference by law officers.").

Thus, the fact that Officer O'Hara can point to specific and articulable facts, taken together with rational inferences from those facts, that suggested possible terrorism activity, as opposed to less serious criminal activity, is an important part of the balancing test this Court must use in determining whether the seizure of the van and its occupants was reasonable.  Post-September 11, 2001, the public need and interest in the detection and prevention of terrorism has been indisputably great.  That does not permit constitutional violations, but it is a legitimate factor, when established by articulable facts, and rational inferences drawn therefrom, to use in the balancing test this Court must apply.  As the First Circuit recognized in United States v. Villaneuva, 15 F.3d 197, 199 (1st Cir. 1994), in which a Terry stop and frisk was upheld: "For the words 'reasonably' and 'circumstances' an important consideration is the calendar - the times."  On May 28, 2004, our "times" included and were informed by the events of 9/11 and the post-9/11 environment in which Americans continue to live.

                                      Respectfully submitted,
                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                                By:  /s/ Timothy Q. Feeley
                                      TIMOTHY Q. FEELEY
                                      Assistant U.S. Attorney
September 25, 2007                  (617) 748-3172

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing upon counsel of record by electronic filing notice.

>    /s/ Timothy Q. Feeley
>    TIMOTHY Q. FEELEY
>    Assistant U.S. Attorney

September 25, 2007